UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) FILE NO. 06-06-CV-1199-PCF-JGG<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| IMDC, INC., GREGORY S. MUNDY, and the IMDC, INC. 401(k) PROFIT SHARING PLAN AND TRUST, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001 et seq., ("ERISA") has filed a Complaint against Defendants IMDC, Inc. ("IMDC"), Gregory S. Mundy ("MUNDY") and the IMDC, Inc. 401(k) Profit Sharing Plan and Trust ("the Plan")[1]. Defendants and the Secretary have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(l), and any proceedings related

---

[1] Formerly know as the IMDC, Inc. Employees 401(k) Profit Sharing Plan.

1

thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.   The Secretary's Complaint alleges that Defendants IMDC and Mundy breached their fiduciary duties with respect to the Plan by failing to discharge their duties under the Plan and by violating provisions of sections 403, 404, 406, and 412 of ERISA, 29 U.S.C. § 1103, 1104, 1106, and 1112, as set forth in the Complaint.

    B.   Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action.  Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

    C.   Defendants admit each and every allegation in the Complaint.

    D.   Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

    F.   This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that

may be assessed under Section 502(l) of ERISA, 29 U.S.C. § 1132(l). This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

G.   The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1.   The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.   Defendants, IMDC, Mundy, their agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3.   In the event that Defendants IMDC and Mundy fail to comply with paragraphs 5, and 6, within sixty (60) days of the Judgment, these Defendants, at the request of the Plaintiff, may be removed as trustees and/or fiduciaries to the Plan and a successor fiduciary may be appointed upon the Plaintiff's motion

to this Court. If Plaintiff determines that it is necessary to remove these Defendants, the Plaintiff shall recommend to the Court a successor fiduciary. In the event a successor trustee is appointed, Defendants IMDC and Mundy shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

4. As a result of their fiduciary breaches, Defendants IMDC and Mundy, have caused the Plan losses of $86,309.15, plus interest on those funds of $16,213.06 through February 15, 2007, calculated at the applicable Internal Revenue Code section 6621 Rate for which they are jointly and severally liable.

5. Defendants IMDC and Mundy shall pay to the Plan the sum of $102,523.11 to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries. In the event that these Defendants fail to pay this amount, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

Provided, however, that Defendants shall have 30 days from the entry of this Judgment to establish to the satisfaction of Plaintiff, that they do not, in fact, owe the entire amount set forth herein. Such evidence shall be directed to the attention of Howard L. Marsh, Regional Director, Employee Benefits Administration, United States Department of Labor, 61 Forsyth

Street, S.W., Suite 7B54, Atlanta, Georgia 30303. Should such evidence be presented timely, Plaintiff will join in an appropriate Motion for Relief from Judgment to reduce the Judgment amount.

6. Defendants shall provide Plaintiff by facsimile and mail, through her undersigned legal representatives, an accounting of the asset allocations to the Plan participants and beneficiaries. The accounting shall include the participants and beneficiaries' names, addresses, social security numbers, dates of employment, and the allocation amounts.

7. Within (10) days of the entry of this Judgment, Defendants will provide Plaintiff with a copy of the current fidelity bond covering the Plan.

8. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

    a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502(l) of the Act.

    b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

    c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This __7th____ day of March, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

| | |
|---|---|
| Defendants consent to entry of the foregoing Judgment | Plaintiff moves entry of the foregoing Judgment |
| I.M.D.C., Inc. | JONATHAN L. SNARE<br>Acting Solicitor of Labor |
| By: s/Gregory S. Mundy<br>    Gregory S. Mundy, President | STANLEY E. KEEN<br>Regional Solicitor |
|     Gregory S. Mundy, Individually | THOMAS C. SHANAHAN<br>Counsel |
| By: s/Gregory S. Mundy<br>    Gregory S. Mundy | By: s/ Ann G. Paschall<br>    Ann G. Paschall<br>    Senior Trial Attorney |

6

```
                                        Office of the Solicitor
                                        U.S. Department of Labor
                                        61 Forsyth Street, S.W.
                                        Room 7T10
                                        Atlanta, GA 30303
                                        (404)302-5460
                                        (404)302-5438 (FAX)
                                        Attorneys for Plaintiff
```